UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| STATE OF HAWAI'I, EX REL. ANNE E. LOPEZ, ATTORNEY GENERAL;<br><br>        Plaintiff,<br><br>   vs.<br><br>CAREMARKPCS HEALTH, L.L.C., EXPRESS SCRIPTS, INC., OPTUMRX, INC.,<br><br>        Defendants. | CIV. NO. 23-00464 LEK-RT |

**ORDER GRANTING THE REMOVING DEFENDANTS'
MOTION TO STAY PENDING APPEAL**

On April 28, 2025, an Order Granting Plaintiff's Renewed Motion to Remand was issued ("4/28/25 Order"). [Dkt. no. 195.[1]] On May 7, 2025, Defendant Express Scripts, Inc. ("Express Scripts") and Defendant CaremarkPCS Health, L.L.C. ("Caremark" and collectively "Removing Defendants") each filed a notice of appeal from the 4/28/25 Order. [Dkt. nos. 197, 198.]

Before the Court is the Removing Defendants' Motion to Stay Pending Appeal ("Motion"), filed on May 8, 2025. [Dkt. no. 200.] On May 22, 2025, Plaintiff State of Hawai`i ("the State"), by and through Anne E. Lopez, Attorney General, filed its opposition to the Motion ("Memorandum in Opposition"). [Dkt. no. 210.] The Court finds this matter suitable for disposition

---

[1] The 4/28/25 Order is also available at 2025 WL 1218598.

without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. The Removing Defendants' Motion is hereby granted for the reasons set forth below.

**DISCUSSION**

The instant case was removed based on the federal officer removal statute, Title 28 United States Code Section 1442(a)(1). See Express Scripts's Notice of Removal of Civil Action Under 28 U.S.C. §§ 1442(a)(1) and 1446, filed 11/17/23 (dkt. no. 1), at ¶¶ 16-18; see also Caremark's Supplemental Notice of Removal, filed 11/17/23 (dkt. no. 8), at ¶ 4.

An order remanding a case that was removed pursuant to Section 1442 is reviewable by appeal. See 28 U.S.C. § 1447(d). The Ninth Circuit has stated that:

> Like all appeals, this implicates what the Supreme Court has called the "Griggs principle," which kicks in upon the "filing of a notice of appeal." Griggs [v. Provident Consumer Disc. Co.], 459 U.S. [56,] 58, 103 S. Ct. 400 [(1982) (per curiam)]. The appeal then "divests the district court of its control over those aspects of the case involved in the appeal." Coinbase[, Inc. v. Bielski], 599 U.S. [736,] 740-41, 143 S. Ct. 1915 [(2023)]. Without control, the district court must refrain from further action on those aspects of the case involved in the appeal until the appeal is completed. See id.

City of Martinsville v. Express Scripts, Inc., 128 F.4th 265, 268-69 (4th Cir. 2025). In an appeal filed pursuant to

Section 1447(d), "the whole case is 'involved in the appeal,' and the lower court loses dominion over not just the remand order but most everything else in the case besides." Id. at 270 (quoting Coinbase, 599 U.S. at 740, 143 S. Ct. 1915). Because "the issue being appealed is **whether** the district court can send this case back, the district court cannot jump the gun before the appeal is resolved." Id. at 271; see also id. at 272 ("On the pending appeal, we will address whether remand was proper. If we decide that it was — and only then — may the district court mail its remand order").

The State argues this Court should not follow Martinsville because Martinsville is "a 2-1 split decision," and Martinsville recognized that "'[h]ow far Coinbase extends is an active subject in the federal appellate courts.'" [Mem. in Opp. at 6 (quoting City of Martinsville v. Express Scripts, 128 F.4th 265, 269 (4th Cir. 2025)).] The State also points out that other Courts of Appeal have declined to adopt the analysis of Coinbase that is applied in Martinsville. [Id. at 6-7 (citing cases).] This Court nevertheless finds the Martinsville analysis to be persuasive. Moreover, even if this Court applied the analysis of a discretionary stay cited in the Memorandum in Opposition, this Court would find that the factors weigh in favor of a stay. See id. at 11 ("In considering whether circumstances justify an exercise of this discretionary authority, courts weigh:

3

'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" (citing Golden Gate Restaurant Ass'n v. Cty. and Cnty. of San Francisco, 512 F.3d 1112, 1115 (9th Cir. 2008) (citing Hilton v. Braunskill, 481 U.S. 770, 776 (1987)))).

Because the Court has ruled that the instant case was improperly removed, all that remains in this district court is for the Clerk's Office to effectuate the remand. See 4/28/25 Order, 2025 WL 1218598, at *11 (directing the Clerk's Office to effectuate the remand on May 29, 2025). Based on the analysis in Martinsville, the remand cannot be effectuated while the appeal from the 4/28/25 Order is pending. A stay pending the outcome of the appeal is mandatory because no action can be taken in this case until the appeal is resolved.

Alternatively, if the stay is not mandatory, this Court finds circumstances justify an exercise of discretionary authority because, on balance, the factors favor a stay: the Removing Defendants will be irreparably injured absent a stay; issuance of the stay will not injure the State; and the public interest is served by having the removal issue determined on appeal.

4

## <u>CONCLUSION</u>

For the foregoing reasons, the Removing Defendants' Motion to Stay Pending Appeal, filed May 8, 2025, is HEREBY GRANTED, and this action is STAYED pending the resolution of the appeal from the 4/28/25 Order. In light of the stay, the remand will not be effectuated on May 29, 2025. The Removing Defendants' *Ex Parte* Application to Stay Mailing of Remand Order Pending Ruling on Motion to Stay Pending Appeal, [filed 5/27/25 (dkt. no. 213),] is therefore DENIED AS MOOT.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, May 28, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

<u>STATE OF HAWAII, EX REL. ANNE E. LOPEZ, ATTORNEY GENERAL VS. CAREMARKPCS HEALTH, L.L.C., ET AL</u>; CV 23-00464 LEK-RT; ORDER GRANTING THE REMOVING DEFENDANTS' MOTION TO STAY PENDING APPEAL